UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA

MOSTAFA KAMALI ARDAKANI,

    Plaintiff,

v.

FLORIDA POLYTECHNIC UNIVERSITY,

    Defendant.
_____/

COMPOSITE EXHIBIT 1

[Summons and Complaint]

## POLK COUNTY SHERIFF'S OFFICE RETURN OF SERVICE

Court: CIRCUIT
Case No.: 2021CA003170
County: POLK

Plaintiff: MOSTAFA KAMALI ARDAKANI

Defendant: FLORIDA POLYTECHNIC UNIVERSITY

Plaintiff/Attorney:
MOSTAFA KAMALI ARDAKANI
5040 LONG LAKE CIR
APT 202
LAKELAND, FL 33805

Person to Serve: FLORIDA POLYTECHNIC UNIVERSITY

Received writ on November 23, 2021, at 8:30 AM and served by the undersigned on December 7, 2021, at 9:52 AM in Polk County, Florida.

OTHER: By delivering a true copy of this SUMMONS/CIVIL COVER SHEET/COMPLAINT AND DEMAND FOR JURY TRIAL together with a copy of the initial pleadings, if any, with date and hour of service endorsed thereon by me, BY SERVING GINA DEIULIO GENERAL COUNSEL

GRADY JUDD, SHERIFF

POLK COUNTY, FLORIDA

*[signature]*

Miyana McClain 8590
, Polk County Sheriff's Office

Sheriff's Number: 21017534

# IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
# IN AND FOR POLK COUNTY, FLORIDA
# CIVIL CIRCUIT

MOSTAFA KAMALI ARDAKANI
Plaintiff, Case No.: 2021CA003170000000
v.
FLORIDA POLYTECHNIC UNIVERSITY
Defendant.

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant FLORIDA POLYTECHNIC UNIVERSITY at 4700 Research Way, Lakeland, FL 33805. *The office of the General Counsel (OGC)*

Each defendant is required to serve written defenses to the complaint or petition within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on *November 18, 2021*

Stacy M. Butterfield, Clerk of the Circuit Court
As Clerk of the Court
By *Melinda Johnson*
As Deputy Clerk



Page 1 of 2

21017534

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Mostafa Kamali Ardakani, Plaintiff

Address: 5040 Long Lake Cir, Apt 202, Lakeland FL 33805

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL CIRCUIT

MOSTAFA KAMALI ARDAKANI

Plaintiff,                                                  Case No.:

v.

FLORIDA POLYTECHNIC UNIVERSITY

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dr. Mostafa Kamali Ardakani (hereinafter "Ardakani"), hereby file his Complaint against Defendant, Florida Polytechnic University (hereinafter "Florida Polytechnic") and alleges as follows.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages that are capable of proof more than $15,000 exclusive of interest and costs.

2. Plaintiff, Dr. Ardakani, is a resident of Polk County, Florida.

3. Defendant, Florida Polytechnic, is a Florida corporation, with its principal place of business at 4700 Research Way, Lakeland, FL 33805. Florida Polytechnic conducts regular and substantial business in Lakeland, Florida. At all times Florida Polytechnic employed greater than 200 employees.

4. Venue of this action is proper in Polk County, Florida, pursuant to §§ 47.011 and 47.051 Florida Statutes, because Polk County is where the cause of action accrued.

5. This Court has subject matter jurisdiction over this action under § 47.011 Florida Statutes because it is in which the county Defendant resides and where the cause of action accrued.

6. This Court has personal jurisdiction under § 48.193, Florida Statutes.

7. Dr. Ardakani reserves the right to amend this complaint.

## SATISFACTION OF CONDITIONS PRECEDENT

8. Dr. Ardakani filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); case number 511-2021-01740.

9. On August 18, 2021, the EEOC notified Dr. Ardakani of his Dismissal and Notice of Right to Sue. This action is commenced within 90 days of the receipt.

## THE NATURE OF THIS ACTION

10. This is an action brought by Dr. Ardakani, an Iranian employee, who was discriminated against at work because of his race and national origin by Florida Polytechnic. When Dr. Ardakani raised concerns of racial and national discrimination issues on campus, his complaints were not given credence; instead, Florida Polytechnic took retaliatory measures and continuously harassed Dr. Ardakani. In August 2021, he was notified that his contract for employment was not renewed.

11. Florida Polytechnic has a history of harassing and treating Dr. Ardakani discriminatorily, documented by United Faculty of Florida - Florida Polytechnic in the past three years. The administration at the university has created hostile work environment and try to sabotage Dr. Ardakani's academic career.

12. Florida Polytechnic's illegal conduct was designed and implemented to discriminate against Dr. Ardakani based on his race and national origin in violation of laws prohibiting discrimination in the workplace, including the Florida Civil Rights Act of 1992, Fla. Stat §760.01 et al.

13. After Dr. Ardakani objected to the discrimination against him and raised concerns about activities believed to be illegal, Florida Polytechnic took retaliatory actions.

14. As a result of Florida Polytechnic's actions, Dr. Ardakani seeks damages all to the fullest extent permitted by law.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

15. Dr. Ardakani became an employee of Florida Polytechnic in July 2018. He is as an Associate Professor of Data Science and Business Analytics.

16. In Jan 2019, Dr. Ardakani met with his department chair, Dr. Shahram Taj to discuss issues about teaching performance. In the meeting Dr. Taj insulted him and said you must see a psychiatrist. When Dr. Ardakani asked why? Dr. Taj replied, "same as Zahra." At that time, Dr. Zahra Amjadi was an employee at Florida Polytechnic, and she is a Muslim-Iranian.

17. Dr. Ardakani met with Vice Provost, Dr. Tom Dvorske (May 17 and 20th) and Provost, Dr. Terry Parker on June 5th to convey his concerns such as insults, not having equal opportunities, poor annual evaluation, blocking start-up fund and development funds. More than 150-page documents were left with Dr. Tom Dvorske for investigation. In June 2019, Dr. Ardakani met with Dr. Avent (University President) to inform him about these issues.

18. While Dr. Ardaknai was waiting for the results of investigation and hoping Florida Polytechnic internally taking corrective actions, in August 2019, he received a surprise email from Provost that required him to finalize an action plan in a few days.

19. Dr. Ardakani was the only faculty who was mandated for such an action. In addition, Dr. Parker lied about the panel review process for his annual performance evaluation, indicating the admiration did not investigate the complaints and coordinately plan to harass Dr. Ardakani because he complained.

20. On August 20, 2019, Dr. Ardakani asked for clarification regarding the required action plan. He hasn't received any respond; instead, the administration issued him an unwarranted reprimand letter in retaliation of his complaints.

21. In August 2019, Dr. Taj changed the August 14 department meeting regarding syllabus. He formed an ad hoc committee only for Dr. Ardakani, and in a roughly one-month period demanded a redo of syllabi five times. Dr. Ardakani was the only faculty his syllabi were not approved after revisions.

22. In Oct 2019, United Faculty of Florida filled a grievance regarding a pattern of harassment, non-equitable treatment, and infringement of Dr. Ardakani's academic freedom.

23. In Dec 2019, Dr. Ardakani met with EEOC officer [case number 511-2019-04347] and formally requested the President of Florida Polytechnic to investigate his harassment and discrimination cases.

24. In Oct and Dec 2019, Dr. Ardakani was the only faculty in his department whose class schedule was not communicated to him similar to other faculty and received 5 days sporadic teaching assignments.

25. Dr. Ardakani again received unsatisfactory annual performance and his start-up fund got rejected after three times submissions; Dr. Ardakani is the only faculty in the entire campus who did not receive his fund.

26. Dr. Ardakani filed a grievance on June 15, 2020, through United Faculty of Florida because his evaluation was neither fair nor according to procedure.

27. Dr. Taj attempted to remove Dr. Ardakani as a graduate supervisor; after his student, Timothy Bonds who is an African American, persisted to have Dr. Ardakani as a supervisor; the administration harassed Dr. Ardakani and his student. The incident has been reported to the Civil Rights office.

### COUNT I: DISCRIMINATION/ HARASSMENT IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

28. Paragraphs 1 - 27 are incorporated by reference as if fully set forth herein.

29. Plaintiff is a member of a protected class, and that either he did not violate the work rules, or that he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct. Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1989).

30. Dr. Ardakani, as a Middle Eastern and Iranian employee, belongs to a protected group within Title VII.

31. Dr. Ardakani received much lower annual performance evaluation in comparison to non-Middle Eastern colleagues.

32. Not being able to have an independent review committee for evaluation as agreed in grievance decision and not received a transparent re-evaluation process.

33. The only faculty who was wantonly assigned an ad hoc committee for his syllabi.

34. Received unjustified mandatory action plan that never agreed upon.

35. The only faculty whose syllabi were not approved even after modifying five times. This was the case for the action plan.

36. Received discriminatory notes in syllabi comments such "I do not believe the communication level of the instructor is adequate for a university level instructor teaching an upper level course."

37. Denied professional development fund twice. Rejected pre-allocated start-up fund three times. Not releasing computing equipment requested three times, which delayed Dr. Ardakani's research. No allowing him to recruit students part of his pre-allocated fund.

38. Only faculty who were assigned sporadic schedule with five days teaching load and not allow him to have any study/research day.

39. Excluded from emails and communications to not receive equal opportunities such as judge of design showcase and Fulbright program.

40. Attempted to remove Dr. Ardakani from committees such as Faculty Representative Council.

41. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against discrimination and/or harassment on the basis of religion, race, and/or national origin under the Florida Civil Rights Act, Chapter 760, Fla. Stat., which prohibits unlawful harassment that is conduct pervasive and severe enough that a reasonable person would find the work environment intimidating, hostile, or abusive. Plaintiff has been harassed against by Defendants and has suffered irreparable harm for which there is no plain, adequate, or complete remedy at law.

42. Shared Dr. Ardakani personal evaluation with other faculty and spread-out rumors to sabotage his career.

43. Forced Dr. Ardakani to be on campus sometimes more than 12 hours/day (with late night and early morning classes schedule Spring 2019).

44. Dr. Ardakani was told that he needs to see a psychiatrist in Jan 2019.

45. Dr. Ardakani was humiliated for his research in front of other faculty and received statements like "do you want to watch movies or play music? with your fund research."

46. Dr. Ardakani was told three times in different occasions that he would not be here and again on Sep 25 after complaining he was told that "serious stuffs are waiting for you."

## COUNT II: RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT

47. Paragraphs 1 - 27 are incorporated by reference as if fully set forth herein.

48. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against religious, national origin, and/or racial discrimination and/or harassment under Florida Civil Rights Act, Chapter 760, Fla. Stat.

49. This retaliatory misconduct violated Plaintiff's rights under Florida Civil Rights Act, Chapter 760, Fla. Stat. Plaintiff is entitled to recover reasonable litigation expenses pursuant.

50. Dr. Ardakani was reprimanded with false accusations because he complained about the situations.

51. Defendants not-renewed Plaintiff's employment because of his objection to the unlawful conduct he was subjected to in the workplace.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this matter.

Dated: November 9, 2021

By: /s/_____