UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOSTAFA KAMALI ARDAKANI,

    Plaintiff,

v.                                                          Case No: 8:22-cv-53-CEH-CPT

FLORIDA POLYTECHNIC
UNIVERSITY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 11), filed on February 28, 2022, pursuant to Fed. R. Civ. P. 12(b)(6). In the motion, Defendant requests an order dismissing Plaintiff's Complaint for failure to state a claim because Plaintiff has sued an improper entity. Plaintiff filed a response in opposition. Doc. 13. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss and give Plaintiff the opportunity to file an amended complaint.

**I.    BACKGROUND**[1]

Plaintiff, Mostafa Kamali Ardakani ("Dr. Ardakani" or "Plaintiff"), who is proceeding *pro se*, initiated this action by filing a two-count complaint for

---

[1] The following statement of facts is derived from the Complaint (Doc. 1-1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

discrimination and harassment under Title VII and retaliation in violation of the Florida Civil Rights Act against his former employer, Florida Polytechnic University ("Florida Polytechnic" or "Defendant"). Doc. 1-1. Plaintiff sued Defendant Florida Polytechnic in state court, and Defendant removed the action to this court. Doc. 1. Dr. Ardakani was employed by Florida Polytechnic beginning in July 2018 as an Associate Professor of Data Science and Business Analytics. Doc. 1-1 ¶ 15. He alleges that he was discriminated and retaliated against because of his race and national origin. *Id.* ¶ 10. Dr. Ardakani, who is Iranian, asserts that Defendant's administration created a hostile work environment and tried to sabotage his career. *Id.* ¶ 11. After Plaintiff raised concerns about the discriminatory treatment, Florida Polytechnic took retaliatory action and did not renew Plaintiff's employment contract in August 2021. *Id.* ¶ 10.

Plaintiff named Florida Polytechnic University as the Defendant in this lawsuit. Doc. 1-1. Florida Polytechnic removed the action to this Court (Doc. 1) under 28 U.S.C. § 1331 and moved to dismiss the Complaint because "Florida Polytechnic University" is not a legal entity with the capacity to be sued (Doc. 11). Defendant identifies "The Florida Polytechnic University Board of Trustees" as the only party amenable to suit in these circumstances. Doc. 11 at 4. Plaintiff responded in opposition, arguing that Florida Polytechnic University is a corporation and is subject to suit. Doc. 13. Additionally, he argues that the Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter against "Florida Polytechnic

2

University." *Id.* at 2. If the Court finds his arguments insufficient, Plaintiff requests leave to amend his complaint. *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. DISCUSSION

Florida Polytechnic University is a Florida public university. As such, it is governed by Florida Statute. Section 1001.72(1), Florida Statutes, provides, in relevant part:

> Each board of trustees shall be a public body corporate by the name of "The (name of university) Board of Trustees," with all the powers of a body corporate, including the power to adopt a corporate seal, to contract and be contracted

3

> with, to sue and be sued, to plead and be impleaded in all courts of law or equity, and to give and receive donations.

Thus, in Florida, a public university's board of trustees is the proper entity to be named in lawsuits against the university. *See Souto v. Fla. Int'l Univ. Found., Inc.*, 446 F. Supp. 3d 983, 998 (S.D. Fla. 2020) (FIU is not a proper defendant); *Parfitt v. Fla. Gulf Coast Univ. Bd. of Trs.*, No. 2:19-cv-727-SPC-NPM, 2020 WL 1873585, at *2 (M.D. Fla. Apr. 15, 2020) ("The Board—not FCGU—is the correct entity to sue."); *Paylan v. Teitelbaum*, Case No. 1:15-cv-159-MW-GRJ, 2017 WL 2294084, at *2 ("UFBOT is the proper entity to be sued in cases against the University of Florida."), report and recommendation adopted, 2017 WL 2294083 (N.D. Fla. May 25, 2017); *Hui Li v. Univ. of Fla. Bd. of Trs.*, No. 1:14-cv-236-RS-GRJ, 2015 WL 1781578, at *2 (N.D. Fla. April 20, 2015) ("The program is governed by Defendant University of Florida Board of Trustees, which is the only University of Florida entity with the capacity to be sued."); *Hankins v. Dean of Commcn's, Valencia Coll.*, No. 6:12–cv–997–JA-KRS, 2012 WL 7050630, at *2 (Dec. 21, 2012) ("[T]he ADA claim is due to be dismissed without prejudice to filing an amended complaint against The Valencia College Board of Trustees."), report and recommendation adopted, 2013 WL 521676 (M.D. Fla. Feb. 11, 2013).

Florida Polytechnic University Board of Trustees is the proper defendant, not Florida Polytechnic University. Therefore, the Court will dismiss Plaintiff's Complaint against Florida Polytechnic University without prejudice to filing an amended complaint against the Florida Polytechnic University Board of Trustees.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 11) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff may file an amended complaint within 21 days that corrects the deficiencies referenced herein.

3. Failure to file an amended complaint within the time permitted will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on April 13, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties